STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-0508

STATE IN THE INTEREST OF
H.M.D. AND J.J.W.

************

APPEAL FROM THE
JENNINGS CITY COURT, WARD TWO
PARISH OF JEFFERSON DAVIS, NO. J48-06-1 AND J-48-06-2
HONORABLE STEVE GUNNELL, CITY COURT JUDGE AD HOC*

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

Nick Pizzolatto, Jr.
Louisiana Department of Social Services
Office of Community Services
4250 5th Avenue
Lake Charles, LA 70607
(337) 475-3037
COUNSEL FOR PLAINTIFF/APPELLEE:
    Louisiana Department of Social Services

Robert J. Lounsberry, Sr.
Attorney at Law
P. O. Box 1351
Jennings, LA 70546
(337) 616-3888
COUNSEL FOR DEFENDANT/APPELLANT:
    J.D.

---

*By order of February 11, 2009, Judge Steve Gunnell was assigned as judge ad hoc by the supreme court to hear and dispose of this case after Judge Daniel Stretcher recused himself from this matter.

PETERS, J.

J.D.[1] appeals a judgment terminating her parental rights to her minor children, J.J.W. (born January 24, 2005) and H.M.D. (born November 30, 2005).[2] For the following reasons, we reverse the trial court judgment and remand this matter to the trial court for further proceedings consistent with this opinion.

The record establishes that the State of Louisiana through the Department of Social Services, Office of Community Services (referred to hereafter as "the state" or "OCS") first became involved with J.D. and her children on May 15, 2006, and that trial on the termination issue occurred on February 12, 2009. For the reasons explained herein, J.D. did not attend the termination hearing. Upon completion of the evidence, the trial court rendered judgment terminating J.D.'s parental rights.

In her appeal, J.D. asserts that (1) the trial court erred in proceeding with the termination hearing in her absence, (2) the trial court erred in concluding that she had not substantially complied with the requirements of her case management plan, and (3) that the trial court erred in concluding that there was no reasonable expectation of future significant improvement. Because we find merit in the first assignment of error, we need not consider the remaining two.

This litigation has a long and convoluted history which need not be set forth herein. It is sufficient to say that the state filed its petition for termination of J.D.'s parental rights on January 7, 2008, and the matter was continued at least six times before going to trial on February 12, 2009. The final motion for continuance came on November 24, 2008, when OCS sought and received a continuance of the trial date

---

[1]The initials of the children and their parents are used to protect the identity of the minor children. Uniform Rules—Courts of Appeal, Rules 5-1, 5-2.

[2]The children's mother and father were never married. The father, M.W., was also named as a defendant in the termination proceedings, but consented to his parental rights being terminated and has not appealed that determination. Thus, we address only the termination of J.D.'s parental rights.

from January 29, 2009, to February 12, 2009. Serving instructions on this motion included a request for service by mail on J.D.'s counsel and personal service on J.D. at a St. Martinville, Louisiana address.

When the matter was called for trial on February 12, 2009, J.D.'s attorney orally moved for a continuance based on lack of timely notice to his client. Specifically, he stated that J.D. had only been served with notice of the hearing two days before, and then through domiciliary service.[3] The trial court denied his motion, and the correctness of this ruling forms the basis of J.D.'s first assignment of error. We find merit in this assignment of error.

The procedure for termination of parental rights is found in Title X of the Louisiana Children's Code. Louisiana Children's Code Article 1001 provides that the purpose of termination proceedings "is to protect children whose parents are unwilling or unable to provide safety and care adequate to meet their physical, emotional, and mental health needs, by providing a judicial process for the termination of all parental rights and responsibilities and for the certification of the child for adoption." Additionally, "[t]he procedural provisions of [Title X] shall be construed liberally," and "[t]he proceedings shall be conducted expeditiously to avoid delays in resolving the status of the parent and in achieving permanency for children." *Id.*

The Louisiana Children's Code specifically addresses the procedure for service of the initial petition to terminate parental rights. With regard to an in-state resident parent, which J.D. is, La.Ch.Code art. 1021(emphasis added) provides that "service of *citation shall* be made either personally or by domiciliary service not less than five

---

[3] The hearing was held on a Thursday, and J.D.'s attorney asserted that J.D. had only been served the Tuesday before.

days prior to commencement of the hearing on the matter." At the same time, La.Ch.Code art. 1025.1 requires the parent whose rights are sought to be terminated to "appear in person to answer the petition within fifteen days after the filing of the petition." Furthermore, La.Ch.Code art. 1020 requires that the clerk of court prepare a notice to be served on the defendant parent with the original petition. The text of the notice, which is set forth in La.Ch.Code art. 1020, advises the defendant parent, among other things, of the specific date set for the answer hearing required under La.Ch.Code art. 1025.1.

Thus, in the context of service of the initial petition to terminate parental rights, the five-day requirement of La.Ch.Code art. 1021 must be reconciled with the fifteen-day requirement of La.Ch.Code art. 1025.1 and the notice setting the answer hearing required of La.Ch.Code art. 1020. That is to say, the answer hearing must be held no less than five days after service of citation and no more than fifteen days after filing of the petition.

With regard to the failure of a defendant parent to appear at a termination hearing, La.Ch.Code art. 1033 provides:

> If it appears from the record that the parent has been served in accordance with Article 1021 or 1022[4] or has been located and notified in accordance with Article 1020 and the parent fails to appear at the hearing, then the hearing shall be held in the parent's absence and the petitioner shall be required to establish prima facie proof of the allegations contained in the petition.

Thus, trial court's authority to hold a termination hearing in J.D.'s absence is dependant on compliance with the service requirements of La.Ch.Code art. 1021.

---

[4]Louisiana Children's Code Article 1022 relates to out-of-state defendants and is not applicable to this litigation.

Although J.D. may have been aware that the termination hearing was scheduled for February 12, 2009, the supplemental record filed with this court, at the court's request on August 27, 2009, shows that J.D. was not served with notice of that trial date until two days before the hearing. The state argues that the two-day notice was sufficient because the five-day notice referred to in La.Ch.Code art. 1021 relates only to service of citation. However, interpreting La.Ch.Code art. 1033 in such a manner would render it inapplicable to termination hearings because citation is not required when giving a party notice of a trial date.

We conclude that La.Ch.Code art. 1033 should be interpreted to allow the trial court to proceed with a termination hearing only upon proof that an absent parent was served with notice of the trial date in the same timely manner as with the original petition. That is to say, J.D. was entitled to service at least five days before the hearing. Because La.Ch.Code art. 2021 uses the word "shall" when referring to service, failure to comply prohibits proceeding with the termination hearing.

This interpretation is supported by reference to other provisions of the Louisiana Children's Code. We note that this matter arose as a Child in Need of Care proceeding under Title VI of the Louisiana Children's Code. Were it still in that posture, it is clear that service on J.D. would be required for most proceedings. *See* La.Ch.Code art. 679(A) (emphasis added), which provides that "[w]ritten notice of the date, time, and place of the disposition hearing *shall* be served and a return made in the same manner as a petition on all parties and also counsel of record at least fifteen days prior to the hearing unless the parties have been previously notified in open court at a prior hearing;" La.Ch.Code art. 693 (emphasis added), which provides that "[w]ritten notice of the date, time, and place of the case review hearing *shall* be served and a return made in the same manner as a petition on all parties and counsel

4

of record at least fifteen days prior to the hearing, unless the parties have been previously notified in open court at a prior hearing;"and La.Ch.Code art. 703 (emphasis added), which provides that "[w]ritten notice of the date, time, and place of the dispositional hearing *shall* be served and a return made in the same manner as a petition on all parties and counsel of record at least fifteen days prior to the hearing, unless the parties have been previously notified in open court at a prior hearing."

In this matter, the last order setting the ultimate trial date for the termination proceedings was executed by the trial court on November 24, 2008. The state provided service instructions requesting service by mail on J.D.'s counsel and personal service on J.D. at her St. Martinville, Louisiana address. However, the notice of trial found in the supplemental record filed in this court shows that J.D. received domiciliary notice of the trial date on February 10, 2009 – only two days before the termination hearing. Given the serious and consequential nature of a termination hearing, we can find no reason to allow less notice than that given for a disposition hearing, and conclude that service on the court-appointed counsel is not sufficient to constitute service on the defendant parent.

The trial court erred in not continuing the matter absent timely service on J.D.

**DISPOSITION**

For the foregoing reasons, we reverse the trial court judgment and remand the matter to the trial court for further proceedings. We assess all costs of this appeal to the State of Louisiana through the Department of Social Services, Office of Community Services. Pursuant to La.R.S. 13:5112(A), we set those costs at $2,244.50.

**REVERSED AND REMANDED.**